IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00118-WYD-BNB

GMAC REAL ESTATE, LLC, a Delaware limited liability company,

Plaintiff,

v.

REAL ESTATE SALES OF THE ROCKIES, LTD., a dissolved Colorado corporation,
        a/k/a ROCKIES REAL ESTATE STORE, LTD.;
GMAC REAL ESTATE OF THE ROCKIES LIMITED, a Colorado corporation;
ROCKIES REAL ESTATE STORE LIMITED, a Colorado corporation
MICHAEL D. MADSEN, an individual, and
JOHN DOE CORPORATIONS NOS. 1 THROUGH 5,

Defendants.

_____

**ORDER**

_____

This matter is before me on the following:

(1)     **Plaintiff's Renewed Motion for Sanctions** [Doc. # 56, filed 12/20/05] (the "Motion for Sanctions");

(2)     Defendants' **Opposed Motion for Extension of Scheduling Order** [Doc. #76, filed 1/13/06] (the "Defendants' Motion for Extension"); and

(3)     Plaintiff's **Unopposed Motion to Modify Scheduling Order [etc.]** [Doc. # 45, filed 12/7/05] (the "Plaintiff's Motion for Extension").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.  In summary and for the reasons stated on the record:

I find that the defendants have failed to comply with their obligations in connection with

responding to discovery and failed to comply with the requirements of my order compelling discovery entered on October 11, 2005.  As a result of the discovery violations, the plaintiff was required to conduct two additional depositions and to file three motions for sanctions in order to obtain materials which my order of October 11, 2005, directed the defendants to provide but which the defendants failed to disclose.  I find also that the violations were committed by the defendants themselves, and are not the result of the conduct of their counsel.  Even in the face of my order compelling discovery and the Motion for Sanctions, the defendants have failed fully to comply with their discovery obligations and fully to provide the materials required in connection with the plaintiff's discovery requests.

In connection with the defendants' Motion for Extension, I find that no good cause exists to extend the deadlines contained in the scheduling order as previously modified.  In particular, there is no showing that the defendants could not have met the deadlines had they exercised reasonable diligence.  The late entry of substituted counsel does not constitute good cause to extend the pretrial deadlines.

IT IS ORDERED that the Motion for Sanctions is GRANTED to the following extent:

(a)       The defendants shall produce all documents in their possession, custody, and control responsive to Production Requests 4, 6, 9, 10, 11, 12, and 14, including but not limited to the documents contained in the two "old" computers and on the three CD's previously produced, to the extent such production is technologically possible; and the documents contained on the computers currently being used by Mr. and Mrs. Madsen and their office manager.  The defendants shall serve a supplemental discovery response on the plaintiff on or before **February 9, 2006**, which shall include the production of all responsive documents not previously

2

produced and shall also include a certification from the defendants personally and from their counsel that a reasonable, thorough, and good faith search has been completed and that all responsive documents in the defendants' possession, custody, and control responsive to the relevant discovery requests have been produced;

(b)    The plaintiff is awarded its attorneys' fees and costs associated with the additional work necessitated by the defendants' failures to comply with their discovery obligations and with my order of October 11, 2005.  Specifically, the plaintiff is awarded the fees and costs associated with preparing, filing, and arguing the three motions for sanctions; and are awarded the attorneys' fees and costs incurred in taking the depositions of Mrs. Madsen and Mr. McCourt.  I direct the parties to confer in order to reach an agreement on the amount of the sanction.  In the event an agreement cannot be reached, the plaintiff shall file on or before **February 9, 2006**, a fee application, supported by affidavits and contemporaneous time records.  In the event I am required to hold a hearing on the fees and costs issue, I will award the costs of the hearing against the losing party.

The Motion for Sanctions is DENIED in all other respects.

IT IS FURTHER ORDERED that the Defendants' Motion for Extension is DENIED.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Extension is DENIED as withdrawn.

Dated January 27, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge